DISTRICT OF OREGON
**F I L E D**
June 08, 2021
Clerk, U.S. Bankruptcy Court

Below is a judgment of the court. If the judgment is for money, the applicable judgment interest rate is: Not Applicable.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| **In re** | Case No. 15-35557-pcm7 |
| **LAURA ANNE LUNDBORG,** | |
| | Adv. Proc. No. 20-03074-pcm |
| Debtor. | |
| **LAURA ANNE LUNDBORG,** | STIPULATED JUDGMENT AS TO DEFENDANTS UNITED STATES DEPARTMENT OF EDUCATION AND THE ALASKA STUDENT LOAN CORPORATION |
| Plaintiff, | |
| vs. | |
| **DEPARTMENT OF EDUCATION, THE ALASKA STUDENT LOAN CORPORATION,** | |
| Defendants. | |

It is hereby stipulated and agreed, by and between Laura Ann Lundborg ("Plaintiff") and Defendants United States Department of Education ("DOE") and The Alaska Student Loan Corporation ("ASLC") (collectively "Parties"), that the following facts are true:

1.  On December 1, 2015, Plaintiff petitioned for Chapter 7 bankruptcy relief and obtained a discharge.

Page 1            Stipulated Judgment of Dismissal

2. Plaintiff commenced this adversary proceeding on July 13, 2020, naming, *inter alia*, DOE and ASLC as defendants, by filing a complaint to discharge her student loan debt on the ground that it imposes an undue hardship pursuant to 11 U.S.C. § 523(a)(8).

3. On March 16, 2021, the Parties engaged in settlement negotiations and were able to agree to terms to resolve this proceeding. The terms set out in this Stipulated Judgment of Dismissal ("Stipulation") include the terms agreed to by the Parties during the settlement negotiations.

### Indebtedness to U.S. Department of Education

4. Plaintiff is indebted to DOE pursuant to a July 1, 2013 Federal Direct Consolidation Loan Application and Promissory Note ("Note") executed by Plaintiff.

5. The following loans were disbursed pursuant to the Note, in the principal amounts of, interest rates, and loan types ("DOE Student Loans"):

| | Disbursement Date | Amount | Interest Rate |
|---|---|---|---|
| 1. | 7/25/2013 | $26,144.40 | 7.25% |
| 2. | 7/25/2013 | $137,559.87 | 7.25% |

6. Certain interest that has accrued on the Student Loans has been capitalized. As of August 12, 2020, the total amount due to DOE in principal and interest on the DOE Student Loans is $199,700.22 ("Original Loan Amount"). Interest accrues on the principal at the rate of $32.49 per day.

### Indebtedness to The Alaska Student Loan Corporation

7. Plaintiff is indebted to ASLC and the Alaska Commission on Postsecondary Education ("ACPE") pursuant to an May 15, 2007, April 1, 2008, and May 7, 2009 Alaska Supplemental Education Loan Application and Master Promissory Note ("Alaska Note") executed by Plaintiff.

///

///

///

8. The following loans were disbursed pursuant to the Note, in the principal amounts of, interest rates, and loan types ("ACPE Student Loans"):

|    | Disbursement Date | Amount  |
|----|-------------------|---------|
| 1. | 5/15/2007         | $4,250  |
| 2. | 10/16/2007        | $4,250  |
| 3. | 4/1/2008          | $4,250  |
| 4. | 10/16/2008        | $4,250  |
| 5. | 5/7/2009          | $3,806  |
| 6. | 10/15/2009        | $3,306  |

9. Various accommodations, interest capitalization, and other events have occurred on the ACPE Student Loans. As of July 13, 2020 the total amount due to the Alaska Commission on Postsecondary Education is $31,038.27.

**Resolution as to U.S. Department of Education**

10. To resolve this matter without the need for further litigation, the Plaintiff and DOE agree that Plaintiff will make payments to DOE pursuant to the repayment plan described herein. Dismissal with prejudice of the adversary proceeding against DOE is appropriate under the circumstances set forth below.

11. Plaintiff will pay a "reduced balance" of $44,460, payable at $310 per month for a period of 12 years, meaning 144 separate qualifying monthly payments ("Repayment Term") not to include periods of deferment or forbearance.

12. The first payment will be due within 60 days of the entry of an order of this Court approving this Stipulation.

13. Each monthly payment must be made no later than the first (1st) day of each month ("Monthly Payment Due Date"), with an allowance of a thirty (30) day grace period for each such monthly payment.

14. Payment default will occur if DOE receives any monthly payment in excess of thirty (30) days after its Monthly Payment Due Date. If this occurs, Plaintiff agrees: (1) that the

terms of this Stipulated Judgment of Dismissal that pertain to the DOE shall become null and void, (2) all the original terms of the Student Loans shall again be in effect, and (3) DOE will be entitled to immediately recover the Original Loan Amount, plus interest, and regulatory collection costs if applicable, less any payments Plaintiff has made.

15. Should DOE fail to provide a monthly reminder notice or receipt for payment to Plaintiff, this does not relieve Plaintiff of her obligation and agreement to make consecutive, timely, monthly payments.

16. Plaintiff may at any time choose to repay her Original Loan Amount to DOE in full or in part ahead of schedule without prepayment penalty but this will not lead to Plaintiff being relieved of any of her payment obligations under this Stipulated Agreement.

17. If any provision of this Stipulation is held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

18. This Stipulation may not be altered, modified, or otherwise changed in any respect except in writing, duly executed by all Parties or their authorized representatives. Any attempted oral or implied amendment, modification, or waiver shall be null and void.

19. Except as provided in this Stipulation, all other terms of the DOE Student Loans remain in effect and are hereby incorporated by reference. To the extent that the terms of the Student Loans conflict with the terms of this Stipulation, the terms in this Stipulation control.

### Resolution as to The Alaska Student Loan Corporation

20. To resolve this matter without the need for further litigation, the Plaintiff and ASLC agree that Plaintiff will make payments to ACPE pursuant to the repayment plan described herein. Dismissal with prejudice of the adversary proceeding against ASLC is appropriate under the circumstances set forth below.

21. Plaintiff will pay $2000 within thirty days of the execution of this Stipulation, and $50 per months for a period of 60 months, followed by payments of $100 per month for a period of 120 months ("Alaska Repayment Term") not to include periods of deferment or forbearance.

22. The first payment will be due within 60 days of the entry of an order of this Court approving this Stipulation.

23. Each monthly payment must be made no later than the first (1st) day of each month ("Monthly Payment Due Date"), with an allowance of a thirty (30) day grace period for each such monthly payment.

24. Payment default will occur if ACPE receives any monthly payment in excess of thirty (30) days after its Monthly Payment Due Date.  In the event Plaintiff defaults on her ACPE Student Loans or any term of this Stipulation, ACPE will be entitled to immediately recover the reduced balance, less any payments Plaintiff has made.

25. Should ACPE or its agent fail to provide a monthly reminder notice or receipt for payment to Plaintiff, this does not relieve Plaintiff of her obligation and agreement to make consecutive, timely, monthly payments.

26. Plaintiff may at any time choose to repay her student loan obligations to ACPE/ASLC in full or in part ahead of schedule without prepayment penalty.

27. If any provision of this Stipulation is held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

28. This Stipulation may not be altered, modified, or otherwise changed in any respect except in writing, duly executed by all Parties or their authorized representatives.  Any attempted oral or implied amendment, modification, or waiver shall be null and void.

29. Except as provided in this Stipulation, all other terms of the ACPE Student Loans remain in effect and are hereby incorporated by reference.  To the extent that the terms of the Student Loans conflict with the terms of this Stipulation, the terms in this Stipulation control.

**Stipulations**

30. The Parties to this Stipulation acknowledge that they have been represented by independent counsel of their own choice or have chosen to not have their own counsel throughout all the negotiations that have preceded the execution of this Stipulation.

31. This Stipulation shall constitute the entire agreement between the Parties, and it is expressly understood and agreed that this Stipulation has been freely and voluntarily entered into by the Parties. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation.

32. Each person signing this Stipulation warrants that he or she is fully authorized to sign this Stipulation on his or her behalf and on behalf of his or her respective predecessors, transferors, and/or assignors, and that the Stipulation is therefore binding upon and enforceable against the same.

33. The Stipulation is binding upon and inures to the benefit of the Parties hereto and their respective heirs, executors, administrators, successors, and assigns.

34. The Parties stipulate that this adversary proceeding against DOE and ASLC be dismissed without prejudice, with each party to bear their own attorney's fees, costs and expenses.

35. The Parties to this Stipulation certify that they have read and fully understand its terms.

Based on the stipulation of the Parties set forth above, good cause having been shown,

**IT IS HEREBY ORDERED:**

1. Plaintiff's DOE Student Loan debts are discharged pursuant to 11 U.S.C. § 523(a)(8) but for: (1) the reduced balance amounts set for the above which remain non-dischargeable, and (2) subject to the terms and conditions in this Stipulated Judgment.

2. Plaintiff's ACPE Student Loan debts are discharged pursuant to 11 U.S.C. § 523(a)(8) but for the reduced balance amounts set for the above which remain non-dischargeable.

3.  Defendants DOE and ASLC are dismissed without prejudice as parties to this action.

4.  The Parties shall bear their own costs and fees incurred in this proceeding.

###

IT IS SO STIPULATED:

Scott Erik Asphaug, OSB # 833674
Acting United States Attorney
District of Oregon

/s/ Jessie Young
Jessie D. Young, OSB # 135246
jessie.young@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone:    503-727-1003
Attorney for Defendant United States Department of Education

/s/ Robert H. Schmidt
Robert H. Schmidt (Alaska Bar #9909048)
rob.schmidt@alaska.gov
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5200
Facsimile: (907) 276-3697
Attorney for State of Alaska

/s/ Richard J. Parker
Richard J. Parker, OSB # 800945
rjp@pbl.net
Parker, Butte & Lane, PC
1200 NW Naito Parkway Ste # 200
Portland OR 97209
Ph: (503) 241-1320
Fax 503-323-9058
Attorney for Plaintiff

/s/ Laura Anne Lundborg
LAURA ANNE LUNDBORG
Plaintiff